IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM KING,

       Plaintiff,                     No. CIV S-03-2672 LKK JFM P

    vs.

JAMES NIELSEN,

       Defendant.              FINDINGS & RECOMMENDATIONS

_____/

       Plaintiff is an individual serving a civil commitment term at Atascadero State Hospital pursuant to California's Sexually Violent Predator Act (SVPA), Cal. Welf. & Inst. Code § 6600 et seq. proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that his constitutional rights were violated when, pursuant to a policy promulgated and implemented by defendant, previously forfeited worktime credits were not restored to plaintiff and applied to reduce a parole term. This matter is before the court on defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Defendant contends that (1) he cannot be liable in this § 1983 action on a theory of vicarious liability or respondeat superior; (2) he is absolutely immune from liability; (3) this action is time-barred; and (4) this action is barred by the rule announced in Heck v. Humphrey, 512 U.S. 477 (1994). For the reasons set forth infra, this court finds the action time-barred and will recommend dismissal for that reason.

1

1	California law determines the applicable statute of limitations in this § 1983
2	action.  See Wilson v. Garcia, 471 U.S. 261 (1985).  The applicable state limitations period is
3	one year.  See Cal. Code Civ. Proc. § 340(3); see also Elliott v. City of Union City, 25 F.3d 800,
4	802 (9th Cir.1994).  In addition, prison inmates in California are entitled to tolling of the
5	limitation period for two years during incarceration.  See Cal. Civ. Code § 352.1.  Federal law
6	governs when plaintiff's § 1983 claims accrued and when the limitations period begins to run.
7	Cabrera v. City of Huntington Park, 159 F.3d 374, 379 (9th Cir. 1998).  Under federal law, "the
8	claim generally accrues when the plaintiff 'knows or has reason to know of the injury which is
9	the basis of the action.'"  Id. (citations omitted).
10	The following facts are relevant to analysis of the statute of limitations defense.
11	Plaintiff was incarcerated in the California Department of Corrections (CDC) from 1986 and
12	1999. (Complaint, filed December 29, 2003, at 3.)  Between 1988 and 1994, plaintiff lost a total
13	of 600 days of worktime credits.  (Id. at 7.)  In 1995 and 1996, amendments were made to state
14	regulations governing restoration of worktime credits.  In September 1998, the California Court
15	of Appeal for the First Appellate District held that it violated the Ex Post Facto Clause of the
16	United States Constitution to apply the amendments to preclude restoration of credits lost before
17	their enactment.  See In re Lomax, 66 Cal.App.4th 639 (1998)  In 1999, plaintiff was paroled
18	from state prison.  On or about June 15, 1999, plaintiff's parole was revoked and he was returned
19	to state prison for a one year term.  (Plaintiff's Opposition to Defendant's Motion to Dismiss,
20	filed June 6, 2005; see also Complaint, at 5-6.)  In late 1999 or early 2000, plaintiff wrote a letter
21	to defendant Nielsen, Chairman of the California Board of Prison Terms (BPT), claiming that,
22	under In re Lomax, he was entitled to restoration of 690 days of lost credits and asserting that the
23	credits would "expire [his] entire parole term." (Complaint, at 4-5.)
24	On April 28, 2000, the Executive Officer of the BPT, Louie DiNinni, sent plaintiff
25	a letter stating that the CDC was responsible for "computing prison terms and applying work
26	incentive or preprison credits to prison terms" and that he had forwarded plaintiff's letter to

1  Salinas Valley State Prison (SVSP).  (Id. at 5.)  Officials at SVSP subsequently told plaintiff that

2  restoration of the credits would have to be accomplished by BPT officials and applied to his

3  remaining parole term.  (Id. at 6.)  The credits were not restored.  Plaintiff's parole was reinstated

4  on or about May 16, 2000, and expired on February 14, 2003.  (Complaint, at 5; Plaintiff's

5  Opposition, at 2.)  This action was filed on or about December 12, 2003.[1]

6        The injury complained of in this action is defendants' failure to restore the

7  forfeited time credits in accordance with pre-1995 state regulations.  Plaintiff's claim accrued not

8  later than May 16, 2000, when his parole was reinstated without restoration of the lost credits.

9  The limitation period expired one year later in May 2001.[2]  As noted above, this action was not

10 filed until December 12, 2003, over two and one half years after the limitation period expired.

11 Thus, unless plaintiff is entitled to equitable tolling this action is time-barred.

12       It appears that plaintiff was released from prison on the parole violation and

13 immediately placed in proceedings under the SVPA, at the conclusion of which he was

14 committed to Atascadero.  Therefore, he is entitled to equitable tolling of the limitation period if

15 he "acted in good faith" to pursue his claims.  See Jones v. Blanas, 393 F.3d 918, 929-30 (9th Cir.

16 2004) ("California's equitable tolling doctrine operates to toll a statute of limitations for a claim

17 asserted by a continuously confined civil detainee who has pursued his claim in good faith.")

18       Plaintiff has the burden of proving he is entitled to equitable tolling of the

19 limitation period.  See Vaughn v. Teledyne, Inc., 628 F.2d 1214, 1218 (9th Cir. 1980).  In

20 opposition to defendant's contention that this action is time-barred, plaintiff asserts only that he

21 has been continuously confined since his release from prison.  Plaintiff offers no explanation for

22 his delay in pursuing the claim at bar, and he has made no showing that he attempted in good

---

[1] Plaintiff's complaint is file stamped December 29, 2003, but dated December 12, 2003. For timeliness purposes, it is deemed filed on the date it was delivered to officials at Atascadero for mailing to this court.  See Jones v. Blanas, 393 F.3d 918, 926 (9th Cir. 2004).

[2] Plaintiff is not entitled to statutory tolling of the limitation period pursuant to Cal. Civ. Code § 352.1 because he was released from prison on May 16, 2000.

...

faith to pursue the claim during the two and one half year period following expiration of the statute of limitations.

For the foregoing reasons, this court finds that this action is barred by the statute of limitations and that plaintiff has made no showing that would warrant equitable tolling of the limitation period. Accordingly, this action should be dismissed as time-barred.[3]

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendant's January 28, 2005 motion to dismiss be granted; and

2. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

/////
/////
/////
/////
/////

---

[3] Defendant also contends that plaintiff's claim is barred by the rule announced in Heck v. Humphrey, 512 U.S. 477 (1994) and its progeny. Under the rule announced in Heck, a suit for damages on a civil rights claim that implicates the validity of continued confinement is barred unless the confinement at issue has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486. At the time plaintiff's claim arose, it directly implicated the validity of his continued confinement on parole after he was released from prison in May 2000. As a consequence, the claim is barred by the rule announced in Heck. Plaintiff apparently did not seek habeas corpus relief and could not now do so because his parole term has expired. However, under the circumstances of this case the fact that a habeas corpus remedy is no longer available does not vitiate the applicability of the Heck bar. See Guerrero v. Gates, 357 F.3d 911 (9th Cir. 2004). For this additional reason, this action should be dismissed.

4

shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 27, 2005.

/s/ John F. Moulds
UNITED STATES MAGISTRATE JUDGE

12
king2672.mtd